UNION TRUST CO. OF NEW YORK et al. v. ST. LOUIS, I. M. & S. RY. CO.

BUSH et al. v. METROPOLITAN TRUST CO. OF CITY OF NEW YORK et al.

(District Court, S. D. New York. May 8, 1916.)

RAILROADS ⚖══209—RECEIVERS—RIGHTS UNDER MORTGAGE.

  Where a railroad mortgage provided for the creation in the hands of the trustee of an "improvement and equipment fund," to be used to reimburse the mortgagor for expenditures made for certain classes of additions, improvements, and betterments, a receiver appointed for the property, at the suit of junior creditors, the company not being in default under the mortgage, succeeds to the right of the company to use such fund for the purposes designated.

  [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 692–695; Dec. Dig. ⚖══209.]

In Equity. Suit by the Union Trust Company of New York and Benjamin F. Edwards, as trustees, against the St. Louis, Iron Mountain & Southern Railway Company. On ancillary bill by defendant railway company and B. F. Bush, its receiver, against the Metropolitan Trust Company of the City of New York and Walker Hill, trustees. Decree for complainants.

This suit comes on for hearing on bill and answer. All of the material allegations in the bill, other than certain conclusions of fact, are admitted by the answers of the defendants. The Commonwealth Steel Company brought a creditors' bill against St. Louis, Iron Mountain & Southern Railway Company (hereinafter called the Iron Mountain Company) in the District Court of the United States within and for the Eastern Division of the Eastern District of Missouri, and plaintiff Bush, on August 19, 1915, was duly appointed and qualified as receiver of the railroad, property, and assets of said Iron Mountain Company. Thereafter a foreclosure suit was instituted in said court by Union Trust Company of New York and Benjamin F. Edwards, as trustees of the first·and refunding mortgage of said Iron Mountain Company (a mortgage in all respects subsequent and junior to the unifying and refunding mortgage hereinafter referred to), and the said two suits were consolidated, and plaintiff Bush was duly appointed, and qualified as, receiver in said consolidated cause. An

⚖══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ancillary bill was meanwhile filed in this court by Commonwealth Steel Company, and later an ancillary bill in foreclosure was brought by the trustees. These two ancillary suits were duly consolidated, and, by order of this court entered herein on the 14th day of December, 1915, plaintiff Bush was appointed, and duly qualified as, receiver of all property, assets, and income derived therefrom, of said Iron Mountain Company, within the territorial jurisdiction of this court. He is now acting as receiver as above set forth and as such is entitled to, and is in, possession and control of all the railroad, property, and assets of said Iron Mountain Company.

The defendants, Metropolitan Trust Company of the City of New York and Walker Hill, are sued herein as trustees under the unifying and refunding mortgage of said Iron Mountain Company, dated July 1, 1899, securing its issue of $40,000,000 4 per cent. Gold Bonds maturing July 1, 1929, upon which bonds no default in the payment of principal or interest has occurred. As collateral security for the debt evidenced by said 4 per cent. Gold Bonds, said Iron Mountain Company pledged with said Trust Company, as trustee under said unifying and refunding mortgage, certain corporate stocks and bonds, and among others 5,435 6 per cent. debenture series B Bonds, of $1,000 each of the Wabash Railroad Company. In 1906, pursuant to the provisions of the mortgage, these bonds were exchanged, in accordance with the plan of reorganization of the Wabash Railroad Company, for 28,262 shares of preferred stock, 28,262 shares of common stock, and $3,913,000 face value of first refunding and extensions mortgage bonds of the Wabash Railroad Company.

On or about the 25th day of June, 1909, upon due request of the Iron Mountain Company, pursuant to the provisions of said mortgage, the defendant Trust Company released $1,000,000 face value of the said $3,913,000 of bonds, which had been sold by the Iron Mountain Company, and the proceeds thereof were deposited with said Trust Company to the credit of the improvement and equipment fund established under said mortgage, and thereafter were withdrawn by said Iron Mountain Company to reimburse expenditures made in accordance with the provisions thereof. The remaining $2,913,000 of said bonds were deposited by said Trust Company under a deposit agreement prepared by a committee representing the holders of said bonds in proceedings to foreclose upon them under a default which occurred January 1, 1912, and said Trust Company received against such deposit, an appropriate certificate from the depositary.

Thereafter, pursuant to the terms of a reorganization agreement of said the Wabash Railroad Company, duly approved and adopted by said committee, an assessment of $654.82 in respect of each $1,000 face value of said $2,913,000 of bonds was levied against said bonds. Upon application of plaintiff receiver he was directed by said District Court for the Eastern Division of the Eastern District of Missouri, in said principal suit, to advance to the defendant trustee $190,749.07, being the initial 10 per cent. of said assessment of $654.82 in respect of each such bond for the purpose of paying the said first installment of said assessment, and said plaintiff receiver was also directed to sell all of said certificates of deposit, representing said bonds at such prices and upon such terms as he might authorize and determine, and to cause the proceeds of all such sales to be deposited with said defendant Trust Company under the unifying and refunding mortgage to be applied first to the repayment of such advances made by a plaintiff receiver, with interest thereon, and any balance thereof to be held by said Trust Company in the so-called "improvement and equipment fund" created under and pursuant to the terms of said unifying and refunding mortgage. In pursuance of the authority and direction of the said court, and of resolutions of the board of directors of the Iron Mountain Company, and with the consent of said defendant Trust Company, plaintiff receiver thereafter sold the interest of the Iron Mountain Company in said $2,913,000 of bonds represented by said certificates of deposit; and the purchase price thereof, after the deduction by said plaintiff receiver of the said sum of $190,749.07, previously advanced by him, with interest, namely, the sum of $892,643.42, was delivered to said defendant Trust Company, and said sum is now held by it under and pursuant to the terms and conditions of said unifying and refunding mortgage, as a part of the improvement and equipment fund thereunder.

By the provisions of the unifying and refunding mortgage creating said improvement and equipment fund (section 2 of article 5) it is provided that "all moneys received by the trustee or by the Trust Company under any provision of this indenture, unless expressly reserved or appropriated by this indenture to some other purpose, shall be received by the Trust Company, and be by it set apart as a cash improvement and equipment fund to be used and paid over as hereinafter provided." The purposes for which the moneys held in said fund are to be used are stated to be, among others, "to reimburse the railway company for any expenditures which shall have been made by it after the date of this indenture out of its other funds for any of the purposes mentioned in sections 3 and 4 of article 2 of this indenture." The purposes mentioned in section 3 of article 2 therein referred to are to reimburse the Railway Company for expenditures made by it after July 1, 1899, for the acquisition of new branch lines or other additions or for specified betterments or improvements upon any of the railroad property subject to the unifying and refunding mortgage.

In the administration of the receivership of the railroad and property of the Iron Mountain Company under the direction of the court in said principal suit, it has been necessary for plaintiff receiver from time to time to make, and he has made, by order and direction of the court in the principal consolidated cause, certain expenditures for improvements, betterments, and equipment upon and in connection with the lines of railway and property of said Iron Mountain Company, which expenditures have been made for one or more of the purposes for which it is provided by the terms of said mortgage that the said improvement and equipment fund may be used in reimbursement of said expenditures.

After the making of the said expenditures, plaintiff receiver notified said defendant Trust Company thereof, and represented to it that the said expenditures had been made after the date of the said unifying and refunding mortgage and subsequent to the appointment of plaintiff as such receiver on August 19, 1915, and that they were of the character and for one or more of the purposes for which under the terms of said mortgage the said improvement and equipment fund may be used and applied in reimbursement thereof, and thereupon demanded of said defendant Trust Company that it pay over to plaintiff as receiver, in reimbursement for said expenditures, the sum of $114,-769, out of said improvement and equipment fund, and at the same time offered and agreed to deliver to said defendant Trust Company all copies of resolutions and certificates required by the terms of said mortgage, and to comply with all the terms and conditions of said mortgage in respect of the reimbursement of plaintiff as such receiver for the said expenditures so made. Thereupon said defendant Trust Company refused said demand of plaintiff receiver, and notified him that it did not and would not recognize his right as such receiver to reimbursement, for said expenditures, out of said improvement and equipment fund, unless and until it should be adjudged and decreed by order of court that plaintiff, as such receiver, is entitled to such reimbursement, and that said defendant Trust Company, by such adjudication and decree, be ordered and directed to make the same.

Plaintiff receiver has been authorized and instructed by the court in the principal consolidated cause to make sundry other betterments and improvements, aggregating in amount approximately $1,200,000, upon the property which is subject to the lien of the unifying and refunding mortgage, and for one or more of the purposes for which it is provided by the terms of said mortgage that the improvement and equipment fund may be used and applied in reimbursement of expenditures made; but plaintiff receiver is without funds applicable to the making of such expenditures directed to be made by said orders, unless he can obtain some reimbursement therefor from some source other than the revenue and income of the property which he is operating as receiver. Plaintiff receiver is anxious and willing to comply with the orders directing him to make such expenditures, but in order to enable him to proceed under said orders, and in view of the position taken by the defendant Trust Company, and its refusal to permit his reimbursement out of the improvement and equipment fund, he deems it necessary for the proper and economical administration of the receivership that he be assured in advance

of his right to reimbursement for such proposed expenditures, prior to incur- ring obligations in connection therewith. He asserts that his right to rely, under the terms and conditions of the unifying and refunding mortgage, upon the reimbursement of these proposed expenditures, as a subsisting and effective right prior to the actual completion thereof, is essential to his interest as such receiver and to the interests of the said Iron Mountain Company.

The question now presented is therefore whether, according to the intent and the terms and conditions of the unifying and refunding mortgage, plain- tiff receiver has succeeded to the rights of the Iron Mountain Company to reimbursement out of the improvement and equipment fund established there- under, and is entitled upon delivering to said defendant Trust Company the resolutions and certificates called for by said mortgage, and upon compliance with all the other terms and conditions thereof to be reimbursed by said de- fendant Trust Company out of said fund, and interest thereon, for expendi- tures for any of the purposes which are included within the terms of said mortgage as purposes for which said improvement and equipment fund is to be used and applied. If the receiver is found to be so entitled, the amount of such reimbursement must be determined.

Edward J. White and Carl A. De Gersdorff, both of New York City (Carl A. De Gersdorff, of New York City, of counsel), for receiver Bush.

Walter H. Merritt, of New York City, for trustee Hill.

Carter, Ledyard & Milburn, of New York City (Walter F. Taylor, of New York City, of counsel), for trustee Metropolitan Trust Co.

MAYER, District Judge (after stating the facts as above). The terms and conditions of the unifying and refunding mortgage do not inhibit by implication or otherwise the reimbursement of a receiver of the railroad and property of the Iron Mountain Company by the trustee out of the improvement and equipment fund. In several in- stances the mortgage provides that, upon the appointment of a re- ceiver, the Iron Mountain Company (or, in effect, its receiver) shall ipso facto lose certain of its rights in the property. Thus in article 4, section 2 (page 46), it is provided that the trustees shall not be entitled to collect the principal or interest of any bonds or other obligations pledged under the mortgage, unless a receiver or the trustees shall have entered into possession of the mortgaged railroad; and in sec- tion 4 of the same article (page 48) there is a provision that, unless a receiver or the trustees shall have entered into possession, the Iron Mountain Company shall have the right to vote upon the shares of stock pledged under the mortgage. Provisions as to the rights of a receiver are also contained in section 1 of article 6 (page 61) and article 7 (page 73). There is no provision, however, in any way limiting or modifying the right of the Iron Mountain Company (or its receiver) to the improvement and equipment fund, upon the appointment of a receiver, or authorizing the trustees to deal with that fund after such appointment in any other way than was permitted prior thereto.

The fact that in some instances a receiver's taking possession of the mortgaged property operates to divest specified rights reserved to the Iron Mountain Company does not support the contention that other rights therein were similarly affected. On the contrary, the mortgage contemplates the operation of the railroad by a receiver, and it would seem that it was intended that he should exercise the full rights of

the Iron Mountain Company pertaining to its maintenance and operation, which would include the rights to the improvement and equipment fund.

The reason for the clauses terminating, on the appointment of a receiver, rights to receive income, vote stock, etc., evidently is that the exercise of such rights might imperil the security of the mortgage when the company was in the doubtful situation indicated by the appointment of a receiver, and that in such an event it was deemed necessary that the income from the mortgaged securities should no longer be used or dissipated, and the stock should no longer be voted, by the railway company, as it saw fit, as it otherwise had a right to do under the mortgage, but should thereupon be used, and voted, to preserve or enhance the value of the mortgaged premises. On the other hand, the purposes for which expenditures can be made and reimbursement therefor secured out of the improvement and equipment fund are carefully chosen and restricted, and are specifically designated in the mortgage, and reimbursement is made dependent upon the performance of stipulated conditions precedent, with the very object in view of preserving the security of the bondholders. Upon the appointment of a receiver of the mortgaged property, therefore, it is evident that there is no need for any rule for the disposition of that fund, in order to furnish additional safeguards to the bondholders, other than that already in force. Undoubtedly it is for this reason that nothing is found in the mortgage modifying or limiting the disposition of the improvement and equipment fund as it is provided in section 2, article 5 thereof.

It is clear to me that the receiver has the identical rights to the property and contracts which the Iron Mountain Company itself had. It would destroy the very purpose and intention of the parties to the mortgage if the receiver were not able to do precisely what is conceded could have been done by the corporation in connection with necessary betterments and the like. The property is the same, the corporate entity is still alive, and the receiver is merely the instrument of the court in carrying out, in such manner and within such limitations as the court may deem proper, what the parties intended should be done in this regard. While there is no reported case which covers the precise question here presented, citation of cases involving analogous principles of construction need not be made, because the question must be resolved upon what is found to be the intent of the parties, as gathered from the instrument.

As the receiver is entitled, under the orders of this court, to enforce, for his benefit as receiver, the rights of the Iron Mountain Company in the improvement and equipment fund under the terms of the mortgage, I am of opinion that he is entitled to a decree as prayed for.

As the trustees very properly defended, there will be no costs against them.